490 NEW JERSEY MISCELLANEOUS REPORTS.

N. J. Dept. Labor—Pina v. Wall Rope Works.

---

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## TONY PINA, PETITIONER, v. WALL ROPE WORKS, RESPONDENT.

**Employe Had Been Operated Upon For Appendicitis—Returned to Work but Work Proved too Heavy For Him in His Weakened Condition—No Evidence That There was Any Unusual Occurrence or Accident—Held, That Compensation Cannot Extend to Payment For an Aggravation of an Existing Condition Through the Regular Employment.**

On petition for compensation. On determination of facts and order dismissing petition.

\*　　\*　　\*　　\*　　\*　　\*　　\*

The petitioner averred in his petition that the alleged injury occurred on or about March 11th, 1925, while he was operating machinery in the preparation room, lifting and pulling rope. In this connection the petitioner testified that in the fall of 1924 he was operated on for appendicitis, and that after a short period of convalescence he returned to work for the respondent; that the operative wound, following the appendicial operation, bothered him ever since the operation; that when he first returned to work after the operation, the

wound did not pain him so very much, but that the character of the work which he was obliged to do by the respondent was such that it interfered with his improvement, and that instead of getting better, after the operation and after he started to work, his condition continued to get worse, until he was obliged to remain away from work altogether. There is in the record evidence that the hospital authorities suggested that the petitioner return to light work, and that his condition would improve much faster if he had light work. It furthermore appears from the petitioner's testimony that the work he was obliged to do caused him considerable pain and trouble. There does not appear, however, anywhere in the petitioner's testimony, any reference to any unusual or accidental strain or occurrence. The work that he was doing on the day that he stopped working, and at the time he stopped working, was no different from the character of work he had been doing for some time past, and the difficulty that the petitioner had in doing that work, and the pain caused by the work was no different from the difficulty and the pain he had experienced since his return to work after the operation. He had to pull, he had to lift, he had to shove, he had to work machinery, and these various movements all interfered with a speedy recovery from his appendicial operation. Although this work gave the petitioner some pain and trouble, he continued at his work, according to his testimony, until some time in March, when his condition was such that he did not feel capable of working any longer.

The petitioner was carefully examined in order to elicit information from him concerning the occurrence of something unusual or sudden, either in the way of something unusual about the work or something unusual about the way the work affected him differently from what it had been affecting him.

A careful examination of the petitioner's testimony impresses me with the fact that the petitioner was undertaking to do heavier work than his physical condition warranted, and that the effect of that was to prevent him from accomplishing an early recovery of normal health.

Not only is the petitioner's testimony unsatisfactory on the question of any accidental occurrence which he may have sustained, but the petitioner's statement that he worked up to the early part of March is flatly contradicted by the record of his employment. There is in evidence the time cards of the petitioner, which show that he worked full weeks up to and including the week ending April 4th, 1925, and that he worked part of the following three weeks up to and including the week ending April 25th, 1925.

On the last day that the petitioner claims he worked, he testified that he went to his boss and simply told him that he did not feel good. The petitioner testifies to no mention of any accident to his employer. He says, after he stopped working, he called upon Dr. Downs.

Dr. Downs, by agreement of the parties, has submitted a statement to the effect that the claimant had been operated on for appendicitis about September of 1924; that he returned to work about January, 1925, but that in March, or April, he became ill with vague abdominal symptoms. Dr. Downs stated that he was unable to give the cause of the claimant's condition.

The petitioner was examined by Dr. Reddan, whose report was also submitted to me, by agreement of the parties, and according to Dr. Reddan's report, the man's present condition is not related to any accident that he claims to have sustained.

The claimant produced some witnesses on his behalf, but none of them gave any evidence bearing on any accidental occurrence.

In order to entitle the petitioner to compensation, the burden is on him to produce credible evidence which persuades me to believe that he has met with an accident arising out of and in the course of his employment, and that as a result of such accident, he is suffering a disability. There is, furthermore, a burden on the petitioner to show by competent medical evidence a casual relationship between the alleged accidental injury and his disability.

While it is clearly established that compensation is to be paid for the aggravation of an existing injury, as well as for an injury directly caused by accidental means, it does not follow that an employe is entitled to compensation for the aggravation of an existing condition merely because that aggravation occurs during the performance by the employe of his regular work, nor is the employe entitled to be compensated. as for an aggravation of an existing condition, even though the performance by the employe of his regular work may be a factor in causing the aggravation. In the case before me now, the claimant is suffered from a weakened physical condition, following his operation, and he chose to undertake the performance of work which was too heavy or too strenuous for his impaired physical condition, and as a result thereof, his condition was aggravated. It must be held that he elected to assume the risk of the aggravation, and that the aggravation is a risk which he elected to take and which was incident to the regular performance of his occupation. In other words, aggravation of an injury, under the circumstances in this case, is not accidental, but occupational.

*     *     *     *     *     *     *

W. E. Stubbs,
*Deputy Commissioner.*